Peacock *v.* Wilson.

C. M. PEACOCK, Adm'r of M. Peacock, dec'd. *v.* W. M. WILSON *et al.*

PLEADINGS AND PRACTICE. AT LAW. *Insolvent estate. Appeal from clerk to circuit court. Trial in circuit court.* An account was filed with the clerk against an insolvent estate. Clerk disallowed the account, and an appeal was taken to the circuit court. No issue was there made up. *Held,* that the issue to be tried was the right to recover on the account filed.

FROM LAKE.

Appeal in error from the Circuit Court of Lake county. C. ADEN, J.

L. DONALDSON and J. G. SMITH for Peacock.

COCHRAN & ENLOE for Wilson.

FREEMAN, J., delivered the opinion of the court.

From the meagre record in this case, we infer this is a contest over a claim filed in an insolvent proceeding in Lake county. The claim was disallowed by the clerk of the county court, and appeal taken to the circuit court, where the matter was submitted to a jury under a charge by the court, when a verdict was rendered in favor of the plaintiffs in the sum of $400.50, from which there is an appeal in error to this court.

It appears from the record that within proper time, the following claim was filed with the clerk of the county court:

"Michael Peacock,

To S. W. Cochran & W. M. Wilson, Dr.

To account of damages due us on account of failure to throw up a levy, to make culverts and otherwise failure to make a good (road) from the west bank of Reelfoot Lake, in Lake county, from Thompson's Ferry landing to the high ground, as per written agreement now on file in the office of the county court clerk for said county. Damages assessed at $200."

The above account was verified as just and true, to the best of his knowledge and belief, by W. M. Wilson, one of the plaintiffs.

The clerk after giving notice, as he says, to appear on the 22d of October, 1877, and prove said account,

which was not done, disallowed the same, from which
Cochran & Wilson prosecuted an appeal to the circuit
court.

On the trial the plaintiff introduced and read, after
proving the signatures to the same, an agreement dated
the 21st of January, 1870, between S. W. Cochran,
Wm. M. Wilson and Wallace H. Caldwell, and Michael
Peacock, the deceased, showing the three parties named
had leased to Peacock the ferry privileges across
Reelfoot Lake, at what is known as Thompson's ferry,
for the term of five years from the 1st of January,
1870. "For the use of which," says the instrument,
"the said Peacock agrees to keep up said ferry, pro-
vide good substantial boats, and cause it to be well
attended for the accommodation of the traveling public.
For the use of the same for the first two years of
said term, he is to make a good substantial road from
the high ground to the landing where the floating
palace formerly stood, and keep in repair during the
term. He is to throw up a levee four feet high in
the low places and run it on a level, and to make
culverts sufficient to pass the water, etc." Peacock
also agreed to pay one hundred dollars a year for the
last three years of said term, payable annually, and
the boat at the end of the term was to be the prop-
erty of the lessors.

Uuder the several sections of the Code, from sec,
2330 to 2336 inclusive, it is provided substantially, in
cases of insolvent estates in county court, that all
claims due or not due, after notice by the clerk, shall
be filed for allowance, "authenticated as prescribed by

law." By sec. 2334, the administrator or executor may contest any claim, and urge against the same any defense available in law or equity; and by the next· section the "clerk is to adjudicate and determine the same." By sec. 2336, a party dissatisfied with his decision may appeal to the next term of the circuit court, and thereupon the · clerk is to certify his decision to the circuit court, where an issue shall be formed, under the direction of the court, as will present the questions for discussion (decision) without writ or declaration, and the judgment thereon, or of the supreme court if an appeal be taken to it, shall be certified back to the county court.

The case stands for trial *de novo* on appeal to the circuit court, as held in *Brien* v. *Baker, adm'r,* 5 Sneed, 216, upon such issues as shall be formed, under the direction of the court, so as to present the questions for decision.

No formal issues · seem to have been made in the circuit court in this case, as required; but assuming that this was a matter of form, and not substance, the question is, can the verdict and judgment be sustained on the state of the case, as presented in this record?

We may treat the account, as filed in the county court, as presenting the claim of plaintiffs, evidenced by the agreement referred to, as showing the basis of the liability therein claimed. This we must do, or else we see no issue in the case which could have been tried. It was this account which was disallowed by the clerk for want of proof, and it was from this

decision there was an appeal. This question, it is true, was to be tried *de novo* in the circuit court, in this view of the case. The parties might, however, as in other cases, have amended their claim, and formed an issue so as to present all their claims fully in the circuit court, no doubt; but as this w⁻s not done, we must treat the issue to be the right to recover on the account as filed.

We take it, that the contract exhibited shows a contract for renting, by which for the first two years, the rent was to be paid by doing the work agreed on, and afterwards for three years, at the rate of one hundred dollars per year. There is absolutely no proof in the record as to what would be the cost of doing the work agreed to be done—on the contrary, the only witness who testified on this subject says he did not know what it was worth.

The court charged the jury, that if Peacock rented the ferry for a given sum per year, they were to return a verdict for plaintiffs, counting interest at the rate of six per cent. per annum from the time you find the amount due to the time of trial.

It appears that Peacock died in 1872, and in 1874 the owners rented it to one Williams, and the court charged, that if this was so found by the jury, they could only give a verdict for what was due up to the time when they repossessed themselves of the ferry—found they did so regain possession.

We cannot see from this record precisely what was the basis of the verdict of the jury, but it is evident they included the value of the rent for the first two

Peacock *v.* ·Wilson.

years.    This being so, there is not a particle of evidence on which that part of it can stand.    The fact that one hundred dollars per annum was the agreed rent for the years after the levees were made, furnishes no evidence of what the work would have cost, and the right of plaintiffs was to recover this, so that they should be made whole, as if the contract had been performed, and then the money rent, on the facts for the time occupied, at the rate agreed on.

We see from the lease, that it was made with three parties—Waller H.  Caldwell being one-third owner. We can hardly see how the other two can recover on their contract, nothing showing that Caldwell had parted with his interest—on the contrary, it appearing he was still owner.    This can be amended in the court below, as well as the statement of the case, and an issue formed that shall present the matter in dispute for decision in a more tangible form.

But for the error stated, the judgment must be reversed and case remanded for a new trial.